## Smithson v. Smithson.

January 11, 1949.

Richard R. Bryan and Roy N. Vance for appellant.

Robert B. Reed for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, Nannie W. Smithson, and the appellee, Ruble L. Smithson, were married in 1930. Mrs. Smithson had been married previously and had a daughter by her former marriage, Louise Laird McCallum. Four children were born to the Smithsons. For a short time after their marriage the Smithsons lived in Portland, Maine, where Mr. Smithson was employed at a wage of from $15.00 to $18.00 a week. During a part of 1931 and 1932 the family lived in Paducah, Kentucky, where Mr. Smithson worked on W. P. A. In 1932, the Smithsons moved back to Portland, Maine, where Mr. Smithson was employed at a shoe factory and a shipyard until 1944, when they again returned to Paducah. In Maine, Mr. Smithson earned from $50.00 to $80.00 a week.

From 1941 to 1944 the Smithsons lived in a double tenement structure, one-half of which was operated as a rooming house and the income from which was said to average approximately $72.00 a week. There is conflicting evidence as to whether the operation of the rooming house was a joint enterprise or whether it was operated solely by Mrs. Smithson. For at least two years Mr. Smithson was engaged in an illicit liquor business. He said the liquor business was a joint enterprise, but Mrs. Smithson denied that she ever had any part in it and said she often asked her husband to quit the business. She said also that Mr. Smithson paid numerous fines for trafficking in liquor. The ap-

pellee said he turned over to his wife practically all of his earnings and that shortly before they left Maine she had approximately $10,000 in cash. Mrs. Smithson said she had about $5000 in government bonds when she returned to Paducah and that all the money was hers. During the latter part of 1944 and the early part of 1945 the Smithsons and their children lived on 8th Street in Paducah. Mr. Smithson said they inspected several pieces of property with the view of buying a home, one of which was the C. D. Gholson property. In April, 1945, Mrs. Smithson purchased the Gholson property for $6000 in the name of her daughter, Louise Laird McCallum. Mrs. Smithson said she cashed the $5000 government bonds and applied that amount on the house and borrowed the remaining $1000 from her daughter and son-in-law. Mr. Smithson said his wife moved furniture from their home on 8th Street piece by piece to the Gholson property under the guise of trading in furniture; that she left him and their children in January, 1946; that he made an unsuccessful attempt to locate her in St. Louis; and that when he learned she was residing in the Gholson property he brought suit to set aside the deed from C. D. Gholson to Louise Laird McCallum and asked the court to hold that he was the rightful owner of that property.

In July, 1946, Mrs. Smithson instituted an action for divorce. Mr. Smithson counterclaimed, asking that he be adjudged the owner of the furniture, a Buick automobile, and approximately $7000 in cash which he alleged he had earned and turned over to his wife. These actions were consolidated and it was finally adjudged that Mrs. Smithson be granted a divorce; that the deed from C. D. Gholson to Louise Laird McCallum be set aside; and that Mrs. Smithson and her husband share equally in the Gholson property. Mr. Smithson was also given one-half of the furniture which the couple had when they moved to Paducah. Mrs. Smithson has filed an appeal and her husband has filed a cross appeal.

On the appeal it is insisted the preponderance of the evidence is against the appellee and for that reason the judgment should be reversed. It is urged also that, since the appellee was attempting to show that Louise Laird McCallum held the Gholson property under a constructive trust, because it was purchased with his money

and title taken in her name, the proof to establish such a trust would have to be clear and convincing, and a mere preponderance of the evidence in the appellee's favor would not be sufficient. On the other hand, the appellee insists that, since the two actions were consolidated, it was the duty of the court to determine finally the rights of the respective parties, and that, since Louise Laird McCallum failed to appeal, the question of a constructive trust is a moot one. The further point is made by the appellee that it was the duty of the court under section 425 of the Civil Code of Practice to make an equitable distribution of the property by returning to each spouse the property acquired by reason of the marriage, and, also, there should have been a finding for him on his counterclaim.

We believe the chancellor made an equitable disposition of the two actions, insofar as the appeal and cross appeal are concerned. The principal question involved is, where Mrs. Smithson got the money to purchase the Gholson property? Her story was that she had $5000 in government bonds when she returned to Paducah and she borrowed the additional $1000 from her daughter and son-in-law. According to her story, she earned her money by the operation of a rooming house in Portland, Maine. On the other hand, Mr. Smithson said that, shortly before the couple left Maine, Mrs. Smithson had some $10,000 in cash; that he had turned over practically all of his earnings to her for several years; and that the operation of the rooming house and an illicit liquor business were carried on by him and his wife. Mrs. Smithson's daughter never had any interest in the Gholson property, though the deed was taken in her name, and, apparently, for the sole purpose of concealing the purchase from the appellee.

Judgment affirmed on both the appeal and the cross appeal.